[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
By motion dated October 17, 1995, the defendant moved to suppress items seized by police pursuant to a search incident to an arrest. A hearing was held on said motion on November 29, 1995, during which the state offered the testimony of two police officers. The defendant offered no additional evidence. Both parties agree that the validity of the seizure depends on the existence of probable cause to arrest the defendant.
Based upon the evidence adduced at the hearing, this court finds the following facts relevant to the issue of probable cause for the arrest of the defendant: CT Page 14315
1. On August 28, 1995, at approximately 1:30 P.M., police set up surveillance of a hotel room #114 after a quantity of drugs were discovered in the room by hotel employees;
2. At the time of said surveillance, police believed that the room had been vacated based on the facts that: hotel employees had been in the process of cleaning the room when the drugs were originally discovered; past experience with the hotel led police to believe that check-out time was 12:00, noon; and the last registered occupant, Ms. Woodson, told police that she had rented the room for two days up to and including Sunday, August 27th;
3. Prior to said surveillance, Ms. Woodson told police that she had given the room key to the defendant Sunday night; and
4. The defendant was arrested for Criminal Trespass, Second Degree, after entering the room using the hotel room key.
There was no evidence as to the circumstances under which the key was given to the defendant; nor was there evidence of any complaint from hotel management or employees, or of any concern regarding the failure of the registered occupant to return the room key.
To commit Criminal Trespass, Second Degree, a party must enter or remain in a building, knowing that he is not licensed orprivileged to do so. (Emphasis added.) Section 53a-108 of the General Statutes. The essence of the charge in the context of this case is a knowingly, unlawful entry. Here, the only information the police had at the time of the arrest with respect to defendant's knowledge is that the last registered occupant had given him the hotel room key. Nothing in that fact alone would reasonably warrant an inference that the defendant knew he was not licensed or privileged to use the room. In fact, it would imply the opposite. No evidence was offered to suggest that the defendant knew or should have known that the premises had been vacated by Ms. Woodson. In fact, there was no evidence offered to show she had actually vacated the premises, bearing in mind the fact that she still retained the hotel key and no complaint had been lodged by the hotel.
`"Probable cause means more than mere suspicion. There must be facts and circumstances within the officer's knowledge, and of which he has trustworthy information, sufficient to justify the CT Page 14316 belief of a reasonable person that an offense has been or is being committed."' (citations committed.) State v. Velez,215 Conn. 667, 672 (1990).
Here, the police arrested the defendant for entering a hotel room with the hotel room key, on the presumption that the room had been vacated. There was no reasonable basis to infer that said entry was made by the defendant knowing that he had no license or privilege to do so. In fact, police were aware that a registered occupant had given him the room key the night before. Absent the prior discovery by police of drugs in the room, the defendant would not have been arrested for criminal trespass under these circumstances without further investigation or, at least, some complaint.
The motion to suppress is granted.
FASANO, J.